UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEXI AYALA,

     Plaintiff,

v.                           Case No.:

SOUTH EAST PERSONNEL LEASING, INC.,
TAMPA BAY FRAMING LLC, and
JOANNA FARIAS,

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ALEXI AYALA, by and through undersigned counsel, brings this action against Defendants, SOUTH EAST PERSONNEL LEASING, INC. ("Defendant South East"), TAMPA BAY FRAMING LLC ("Defendant Framing"), and JOANNA FARIAS ("Defendant Farias"), (collectively as "Defendants"), and in support of his claims states as follows:

### JURISDICTION AND VENUE

1.    This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages under 29 U.S.C. § 215(a)(3) and unpaid wages under Florida common law.

2.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3.    Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

## PARTIES

4.      Plaintiff is a resident of Hillsborough County, Florida.

5.      Defendant South East operates a personnel/payroll company in Holiday, in Pasco County, Florida.

6.      Defendant Framing operates a limited liability company in Tampa, in Hillsborough County, Florida.

7.      Defendant Farias is an individual owner operator of Defendant Framing. Defendant Farias exercises significant day-to-day operational control over Defendant Framing including with respect to personnel decisions, management of employee compensation, and daily business operations.

## GENERAL ALLEGATIONS

8.      Plaintiff has satisfied all conditions precedent, or they have been waived.

9.      Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

10.     Plaintiff requests a jury trial for all issues so triable.

11.     At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

12.     At all times material hereto, Defendants were an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

13.     Defendants continue to be an "employer" within the meaning of the FLSA.

14. At all times material hereto, Defendants were and continue to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

15. At all times relevant to this action, Defendants were engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

16. At all times relevant to this action, the annual gross sales volume of Defendants exceeded $500,000 per year.

## FACTS

17. Plaintiff began working for Defendants as a carpenter in January 2013, and he worked in this capacity until April 2019.

18. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendants, and he was entitled to be compensated for these overtime hours at a rate equal to one and one-half times his regular hourly rate.

19. Specifically, Plaintiff was forced to pick up and take home his co-workers each morning to the job-sites. Defendants only paid Plaintiff for work completed from 8 a.m. until 5 p.m. However, Plaintiff drove to pick up his co-workers at 6:40am for work that began at 8am and dropped them off at 6:30PM after work ended at 5PM.

20. Defendants provided Plaintiff a van and told Plaintiff that his job was contingent upon him picking up the other employees. In fact, Plaintiff was required to transport co-workers to and from the job-site even if he was not scheduled.

21. Plaintiff provided transportation for his co-workers for a total of ten (10) months. However, Defendants did not compensate Plaintiff for his time spent driving his co-workers to and from work.

22.     Finally, on April 6, 2019, Plaintiff returned the van to Defendants and informed Defendants he would not transport the co-workers each day to and from work anymore without proper compensation and demanded to be paid accordingly. Subsequently, Defendants terminated Plaintiff's employment in retaliation for protesting Defendants' violations of the FLSA.

23.     Defendants failed to pay Plaintiff an overtime premium for all of the overtime hours that he worked, in violation of the FLSA.

24.     Defendants failed to pay Plaintiff all wages owed to Plaintiff, including all hours worked.

25.     Plaintiff's unpaid hours worked constitute "wages" under Florida common law, as well as under Fla. Stat. Section 448.08.

26.     Defendants' failure to pay Plaintiff all of Plaintiff's wages, including all hours worked, was willful.

27.     Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA OVERTIME VIOLATION

28.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

29.     During the statutory period, Plaintiff worked overtime hours while employed by Defendants, and he was not compensated for all of these hours in accordance with the FLSA.

30.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

31.     As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a)     Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b)     Judgment against Defendants stating that Defendants' violations of the FLSA were willful;

c)     An equal amount to Plaintiff's overtime damages as liquidated damages;

d)     To the extent liquidated damages are not awarded, an award of prejudgment interest;

e)     A declaratory judgment that Defendants' practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

f)     All costs and attorney's fees incurred in prosecuting these claims; and

g)     For such further relief as this Court deems just and equitable.

## COUNT II – FLSA RETALIATION

32.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

33.     Plaintiff engaged in protected activity under the FLSA by demanding to be paid in accordance with the FLSA.

34.    Defendants retaliated against Plaintiff for engaging in protected activity under the FLSA by terminating Plaintiff's employment.

35.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

36.    Plaintiff was injured due to Defendants' violations of the FLSA.

**WHEREFORE**, Plaintiff demands:

(a)    A jury trial on all issues so triable;

(b)    That process issue and that this Court take jurisdiction over the case;

(c)    Judgment against Defendants, stating that Defendants retaliated against Plaintiff in violation of the FLSA;

(d)    Compensation for lost wages, benefits, and other remuneration;

(e)    Compensatory damages, including emotional distress, allowable at law; and

For such further relief as this Court deems just and equitable.

## COUNT III – UNPAID WAGES UNDER FLORIDA COMMON LAW

37.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

38.    Plaintiff worked for Defendants during the statutory period, and Defendants agreed to pay Plaintiff for Plaintiff's services.

39.    Defendants failed to compensate Plaintiff with all "wages" owed to Plaintiff, including Plaintiff's unpaid wages.

40.     As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a)     A jury trial on all issues so triable;

b)     That process issue and that this Court take jurisdiction over the case;

c)     Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages;

d)     All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. §448.08; and

e)     For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 31st day of July, 2019.

Respectfully submitted,

**DONNA V. SMITH**
Florida Bar Number: 661201
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida  33602
Main Number: 813-224-0431
Direct Dial: 813-386-0995
Facsimile: 813-229-8712
Email: dsmith@wfclaw.com
Email: rcooke@wfclaw.com
**Attorneys for Plaintiff**